IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHAD RAY BENNETT, #1923337,        § | |
| Plaintiff,        § | |
| § | |
| v.        § | 3:14-CV-3686-D-BK |
| § | |
| DESIREE TUCKER et al.,        § | |
| Defendants.        § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. Plaintiff, a state inmate, filed a *pro se* complaint under 42 U.S.C. § 1983. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed in part.

**I. BACKGROUND**

Plaintiff sues Hunt County Correctional Officer/Nurse Desiree Tucker, Lt. Sherman, Captain Grenniger, and Sheriff Randy Meeks for civil rights violations which allegedly occurred while he was confined at the Hunt County Jail. He requests compensatory and punitive damages. Doc. 3 at 3-4.

Plaintiff asserts that on April 17, 2014, Tucker (who was angry about having to re-open a cell door that had closed) verbally abused Plaintiff during evening pill call with "a string of colorful vulgarities." Doc. 3 at 4, 6; Doc. 9 at 3. Tucker then "physically and maliciously assaulted" Plaintiff with an object removed from the medical cart when Plaintiff threatened to file a formal grievance about the verbal abuse and repeatedly requested to speak with a supervisor after Tucker withheld his evening medications. Doc. 3 at 4, 6; Doc. 9 at 3. Plaintiff

avers that he could not identify the object thrown by Tucker, which struck him in the head, because it traveled very fast (having been thrown from only four feet away) and he was bending down signing the medical log.  Doc. 3 at 6; Doc. 9 at 2-3.  He avers the "attack came suddenly and without warning," and that he did not expect any of the objects on the medical cart, which "seemed insignificant," to be used as a weapon.  Doc. 9 at 2.

When asked by the Court to specify how he was harmed, Plaintiff stated he "experienced a moment of temporary shock" and pain "more severe than . . . a staple cut or bruise," but that "no immediate blood surfaced . . . [or] knots developed."  Doc. 9 at 3.  He maintains, however, that he "was too afraid to accept medicine from Officer Tucker" after the incident, due to mental anguish and fear, but that he accepted medications from Officer Hickey on Tucker's days off. Doc. 3 at 6; Doc. 9 at 3-4.  He claims that within about a week of the assault incident, on or about April 24, 2014, Tucker discontinued all of Petitioner's prescription medications (Seroquel for severe depression, and Depakote for epileptic seizures), causing him to experience two mild seizures around April 30 and May 4, 2014.  Doc. 3 at 6; Doc. 9 at 4-7.

Plaintiff alleges that he remained without prescription medications until after his May 8, 2014 transfer to the Texas Department of Criminal Justice.  Doc. 9 at 6.  He avers that, before his transfer, he "was on the brink of a nervous breakdown" and could not function normally, and that his repeated requests to have another officer dispense his prescription medications were denied. Doc. 9 at 7-8.  Plaintiff also claims that Lieutenant Sherman and Captain Grinniger refused to rectify the situation, and even denied his request to file a criminal complaint against Tucker. Doc. 9 at 9-10.  With respect to Sherriff Meeks, Plaintiff maintains he also refused to investigate and ignored phone calls from Petitioner's family members and requests to file criminal charges. Doc. 9 at 11.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, several of Plaintiff's claims should be dismissed as frivolous, as outlined below.

### A. Verbal Abuse and Threats

Plaintiff cannot prevail on his claim that Tucker verbally abused and threatened him before the purported assault. Doc. 9 at 3. Mere verbal abuse or harassment by a prison guard, including threatening language and gestures, does not amount to a constitutional violation. *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("[A]s a rule, 'mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation.'") (quoted case omitted)).

Likewise, the refusals of Lieutenant Sherman, Captain Grenniger, and Sherriff Meeks to file criminal charges against Tucker for the purported assault is not cognizable in a section 1983 action. Even assuming that these Defendants had the authority to do so, the decision to file or

not to file criminal charges falls within the category of acts ("integral to the judicial process") that will not give rise to liability under 42 U.S.C. § 1983.  *Oliver v. Collins*, 904 F.2d 278, 280-281 (5th Cir. 1990).

### B. No Liability Under Theory of *Respondeat Superior*

Plaintiff does not allege any direct involvement by Sheriff Meeks, thus, he has failed to state a claim against him.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (supervisory government employees are only liable for their own misconduct, and the doctrine of *respondeat superior* does not provide a basis for liability in a section 1983 action).  The answers to the Questionnaire confirm that Plaintiff sues Meeks only in his capacity as the Sheriff of Hunt County.  Doc. 9 at 11.  While Plaintiff maintains his fiancée called the Hunt County Sheriff's office, he does not assert that Meeks personally participated or authorized others to act or fail to act with respect to any of the claims pled.  Doc. 9 at 11.  Therefore, Plaintiff's claims against Sheriff Meeks lack any arguable basis in law.

### C. No Liability for Failure to Investigate

Additionally, Plaintiff's claims that Sheriff Meeks failed to adequately investigate and respond to his family's request for assistance fare no better.  Plaintiff does not have a constitutionally-protected liberty interest in having his complaints and/or "grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 373-374 (5th Cir. 2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (a prisoner has a liberty interest only in "freedom[s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); *Adeleke v. Heaton*, 352 F. App'x 904, 909 (5th Cir. 2009) (prisoner failed to state a claim for deprivation of due process against prison officials for failure to properly investigate his complaints).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Plaintiff's claims against Officer Tucker for verbal abuse and against Lt. Sherman and Captain Grinniger for refusal to file criminal charges, and all claims against Sheriff Meeks, be summarily **DISMISSED** with prejudice as frivolous.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).[1]

SIGNED June 17, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Contemporaneously with this recommendation, the Court has directed that process issue on the claims that are not the subject of this recommendation.