**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CHAD RAY BENNETT,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action No. 3:14-CV-3686-D-BK |
| | § | |
| DESIREE TUCKER, et al.,<br>    Defendants. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECCOMMENDATION**

Pursuant to the *Order Referring Motion*, Doc. 43, the undersigned now considers Defendants' Motion to Dismiss, Doc. 41, to which Plaintiff has not responded. For the reasons that follow, Defendants' motion should be **GRANTED**.

### I.  BACKGROUND

Plaintiff sues Hunt County Correctional Officer/Nurse Desiree Tucker, Lieutenant Sherman, Captain Grinniger, and Officer Lunsford for civil rights violations which allegedly occurred while he was confined at the Hunt County Jail.[1] He requests compensatory and punitive damages. Doc. 39 at 7.

Plaintiff asserts that on April 17, 2014, Officer Tucker (who allegedly was angry about having to re-open a cell door that had closed) verbally abused Plaintiff during evening pill call with "a string of colorful insults." Doc. 39 at 2-3. Officer Tucker then "grabbed an object from off the medical cart and threw it at [Plaintiff]" when Plaintiff threatened to file a formal grievance about the verbal abuse and repeatedly requested to speak with a supervisor after Officer Tucker withheld his evening medications. Doc. 39 at 3. Plaintiff does not identify the

---

[1] In his *First Amended Complaint*, Plaintiff also attempts to re-urge claims against Sheriff Randy Meeks that were previously dismissed with prejudice. Doc. 17; Doc. 39 at 2, 6-7. Those claims are not addressed.

object thrown by Officer Tucker, which he avers struck him in the head. Doc. 39 at 3. He claims that he was "shocked" by the encounter, told Officer Lunsford that he wanted to file a grievance with a supervisor and "wanted to file immediate charges against [Officer] Tucker." Doc. 39 at 3.

In his *First Amended Complaint*, Plaintiff wholly abandons his allegation that he suffered pain or harm during his encounter with Officer Tucker. Doc. 39. *See Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994). He maintains, however, that he refused to accept medicine from Officer Tucker after the incident out of fear, but accepted medications from Officer Hickey, the "p.m. pill lady." Doc. 39 at 3-5. Plaintiff claims that, on or about April 24, 2014, Officer Tucker discontinued all of his prescription medications, causing him to experience two mild epileptic seizures around April 30 and May 4, 2014. Doc. 39 at 5, 6. Plaintiff alleges that, during the first seizure, he "chipped [his] front left tooth and injured [his] head." Doc. 39 at 5. During the second seizure he did not suffer any harm. Doc. 39 at 5.

Plaintiff further alleges that he remained without prescription medications until May 15, 2014. Doc. 39 at 5. Plaintiff also claims that Lieutenant Sherman and Captain Grinniger refused to rectify the situation and denied his request to file a criminal complaint against Officer Tucker. Doc. 39 at 4, 6.

## II. LEGAL STANDARD

In ruling on a motion to dismiss filed pursuant to Rule 12(b) (6), a court must accept all factual allegations in the complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007). The complaint should not simply contain conclusory allegations, but must be pled with a

certain level of factual specificity because the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted). Simply put, the standard set forth in Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, a complaint is not sufficient if it merely contains "naked assertions" devoid of actual enhancement. *Id.*

### III. DISCUSSION

#### a. Excessive Use of Force Claim

Defendants argue that Plaintiff alleges nothing more than a *de minimis* physical injury resulting from the alleged assault by Officer Tucker, and must allege a more significant injury to state a claim under Section 1983. Doc. 41 at 2.

The Court liberally construes Plaintiff's recount of the assault incident as an excessive use of force claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). "When prison officials stand accused of using excessive force in violation of the Eighth Amendment, 'the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilson v. Rheams*, 494 Fed. Appx. 469, 470 (5th Cir. 2012) (quoting *Hudson v. McMillian,* 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)). There is no longer a requirement that a prisoner show a significant injury, instead the court is "to decide excessive force claims based on the nature of the force rather than the extent of the injury." *Id.* (quoting *Wilkins v. Gaddy,* 559 U.S. 34, 34 (2010)). The Eighth Amendment's protection from cruel and unusual punishment excludes from constitutional recognition *de*

*minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Singlar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

      Here, accepting Plaintiff's allegations as true, Plaintiff has not shown that throwing an unidentified object from the medical cart amounts to force applied maliciously and sadistically to cause harm. *Cf. Wilson*, 494 Fed. Appx. at 470 (holding that choking a prisoner is the type of maliciously applied unnecessary force sufficient to withstand an excessive use of force claim). Moreover, contrary to Defendants' assertion, the fact that Plaintiff seems to have suffered little or no injury is relevant, but not determinative. *Singlar*, 112 F.3d at 193 ("The absence of serious injury, while relevant to the inquiry, does not preclude relief."). In any event, as previously mentioned, Plaintiff's *First Amended Complaint* is devoid of any allegation of physical injury from the encounter with Officer Tucker. Doc. 39. And, when given an opportunity by the *Magistrate Judge's Questionnaire* to further explain the alleged incident, not only was Plaintiff unable to identify the object allegedly thrown at him, he also stated that after being struck "no immediate blood surfaced, [and] no knots developed*."* Doc. 9 at 3. Accordingly, the Court finds, as a matter of law, that Officer Tucker's throwing an object from the medicine cart that hit Plaintiff was a *de minimis* use of physical force and not "repugnant to the conscience of mankind." *Singlar*, 112 F.3d at 193.

      Regarding Officer Lunsford, Plaintiff suggests that he is responsible for the alleged assault because he failed to intervene. Doc. 39 at 6. However, Plaintiff has not alleged any facts from which it can be inferred that Officer Lunsford participated in the alleged assault or had any authority or duty to stop such action. *Collins,* 224 F.3d at 498 (The complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity because the district court cannot "accept as true conclusory allegations or unwarranted

deductions of fact."). That notwithstanding, Plaintiff also cannot state a claim against Officer Lunsford for excessive force for the reasons stated *supra*.

Accordingly, Plaintiff has failed to allege a cognizable excessive force claim. Therefore, Defendants' motion to dismiss should be **GRANTED**.

### b. Deliberate Indifference to Medical Needs

Defendants argue that Plaintiff has failed to show that Officer Tucker knew of and intentionally disregarded an excessive risk to Plaintiff's health caused by Officer Tucker's alleged discontinuation of Plaintiff's medication. Doc. 41 at 6. Defendants further argue that Plaintiff's allegations against Lieutenant Sherman and Captain Grinniger are merely conclusory, and that Plaintiff even fails to allege that either of them was aware that medication was being denied Plaintiff. Doc. 41 at 5-6.

The constitutional right of a prisoner to medical care flows from both the procedural and substantive due process guarantees of the Fourteenth Amendment. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (*en banc*). A prisoner has a clearly established constitutional right not to be denied, by deliberate indifference, attention to his serious medical needs. *Id.* at 650. Deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A cause of action for deliberate indifference to a prisoner's medical needs may be maintained if there is a delay in access to medical care that results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Deliberate indifference also can be established by proof that jail officials refused to treat the detainee, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly show that they had

a wanton disregard for the detainee's serious medical needs.  *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Under the "deliberate indifference" standard, a plaintiff must establish that the defendants acted with subjective deliberate indifference to his need for medical care.  *Brown v. Strain*, 663 F.3d 245, 249 (5th Cir. 2011).  To show that level of indifference, a plaintiff must present evidence that: (1) the defendant had "subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn"; (2) the defendant actually drew that inference; and (3) the defendant's response to the risk indicates that she subjectively intended that the harm occur.  *Id.* (quotation marks omitted).  Deliberate indifference thus requires actual knowledge and conscious disregard of the risk of harm to the plaintiff.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A prison official's knowledge of a substantial risk of harm may be inferred if the risk was obvious.  *Id.* at 825 .  Nevertheless, "courts should be careful to ensure that the requirement of subjective culpability is not lost.  It is not enough merely to find that a reasonable person would have known, or that the defendant should have known . . . ."  *Id.* at 843 n.8.

Here, Plaintiff fails to allege facts from which it can be reasonably inferred that Officer Tucker's actions exhibited a deliberate indifference to Plaintiff's serious medical needs.  Plaintiff admits in his proposed complaint that he refused to accept medication from Officer Tucker. Doc. 39 at 4-8.  The fact that Officer Tucker attempted to give Plaintiff his medicine despite his refusals is counter to a deliberate indifference to Plaintiff's serious medical needs.  Further, Plaintiff's conclusory assertion that Officer Tucker ("and the Medical Provider who employs her") was responsible for his medication being discontinued, Doc. 39 at 5, is sheer speculation. Plaintiff does not allege any facts from which it can be inferred that Officer Tucker had

knowledge that Plaintiff's medications were discontinued, or that it was Officer Tucker who discontinued them. *Farmer*, 511 U.S. at 834. Indeed, Plaintiff alleges only:

> 14). On 04-24-2014, 10 days after the unprovoked assault, my medication was discontinued. <u>All</u> <u>of</u> <u>it</u>.
>
> 15). I asked Ms. Hickey to look into the mystery of my medication being discontinued. She did, and found something that was odd to her eye. She told me that when anyones [sic] medication is discontinued at the jail, that person has to sign a refusal for purposes of consent. A copy of that consent then goes into a file. She told me that my entire file was gone, giving the appearance that I was never getting medication at all.

Doc. 39 at 5. At no time does Plaintiff even try to explain how his failure to receive his medication went from being a "mystery" to the deliberate action of Officer Tucker. Thus, there are no allegations of fact in his amended complaint from which it can be concluded that Officer Tucker acted with "reckless disregard" to a substantial risk to Plaintiff's health. The same is true as to the "Unnamed Medical Provider," whom Plaintiff seeks to name "as an additional Defendant," Doc. 39 at 2, but about whom he makes no factual assertions.

Accordingly, Plaintiff has failed to state a claim for deliberate indifference to his medical needs, and Defendants' motion to dismiss should be **GRANTED**.

    **c. Respondent Superior**

Defendants argue that the claims against Lieutenant Sherman and Captain Grinniger are based upon the impermissible theory of *respondeat superior* and, therefore, must be dismissed. Doc. 41 at 7. Defendants are correct.

Under section 1983, supervisory officials cannot be sued for the actions of their subordinates based solely upon the theories of vicarious liability or *respondeat superior*. *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981). A supervisory official is liable only if (1) the official is personally involved in the constitutional deprivation or (2) there exists a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.

*Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008); *Thompkins v. Belt* , 828 F.2d 298, 303 (5th Cir. 1987).  Absent "overt personal participation," a plaintiff must demonstrate that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Id.* (quoting *Estate of Davis v. City of N. Richland Hills,* 406 F.3d 375, 381 (5th Cir.2005)).

Plaintiff alleges in conlusory fashion that Lieutenant Sherman and Captain Grinniger are also responsible for withholding his medicine, but states no facts from which it can be gleaned that either knew of, took part in, or directed the alleged withholding.  Doc. 39 at 6.  Moreover, Plaintiff does not assert either implemented an unconstitutional policy causing it happen.  *Mesa*, 543 F.3d at 274.  And as for the purported assault, at best, Plaintiff has only alleged facts tending to show that Lieutenant Sherman had knowledge of the altercation between Plaintiff and Officer Tucker which culminated in Tucker throwing an object at Plaintiff.  Doc. 39 at 3-4.  That is insufficient.  Without evidence of direct involvement, Plaintiff must show that there exists a causal connection between Lieutenant Sherman's or Captain Grinniger's wrongful conduct and the alleged constitutional violations.  *Id.*

Because Plaintiff's claims against Lieutenant Sherman and Captain Grinniger are impermissibly based on the theories of vicarious liability or *respondeat superior*, they should also be dismissed.

### IV.   TEXAS TORT CLAIMS ACT

Although Plaintiff has not specifically pleaded a state cause of action, he invokes the Court's "supplemental jurisdiction over [his] state law tort claims," Doc. 39 at 1, and alternately refers to the incident of Officer Tucker throwing an unknown object at him as "assault,"

8

"unprovoked assault," and "assault and battery," Doc. 39 at 3-7.  In light of Plaintiff's failure to state a viable federal claim, the Court should decline to exercise supplemental jurisdiction over all state tort claims he has attempted to assert.  *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) ("[w]hen a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims") (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)).

V.  **LEAVE TO AMEND**

Despite Plaintiff's failure to properly state a claim upon which relief could be granted, the Court nevertheless must consider whether to permit an amendment to the complaint in the interest of justice.  FED. R. CIV. P. 15(a) (providing that the court should freely give leave to amend when justice so requires).  Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified.  *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) ("Unless we have searched every nook and cranny of the record, like a hungry beggar searching a pantry for the last morsel of food, and have determined that 'even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability,' we must remand to permit plaintiff to amend his claim if he can do so.").

Here, however, Plaintiff already has amended his complaint.  Doc. 39.  Based on the dearth of factual enhancement and lack of specific allegations -- even after amendment -- the Court must conclude that Plaintiff has already pleaded his best case.  He also has failed to contest Defendants' challenge to the sufficiency of his amended complaint.  Under these circumstances,

9

granting leave to amend would be futile and cause needless delay. *See Jacquez*, 801 F.2d at 792 ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

Accordingly, all of Plaintiff's federal claims should be **DISMISSED WITH PREJUDICE**, and his state law claims should be **DISMISSED WITHOUT PREJUDICE**. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations); *Bass*, 180 F.3d at 246 ("dismissal of the pendent claims should expressly be without prejudice so that the plaintiff may refile his claims in the appropriate state court").

## VI. CONCLUSION

For the reasons above, Defendants' Motion to Dismiss, Doc. 41, should be **GRANTED** and Plaintiff's federal claims should be **DISMISSED WITH PREJUDICE**, and his state claims should be **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** February 26, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE